No. 70,510

STATE OF KANSAS, *Appellee,* v. BRUCE J. MANNING, *Appellant.*
(891 P.2d 365)

Opinion filed March 10, 1995.

*Rebecca E. Woodman,* assistant appellate defender, argued the cause, and *Steven R. Zinn,* deputy appellate defender, was with her on the brief for appellant.

*Jerome A. Gorman,* assistant district attorney, argued the cause, and *Nick A. Tomasic,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, J.: Bruce J. Manning appeals his jury trial conviction of aggravated robbery (K.S.A. 21-3427).

For his first issue, defendant contends that the trial court's response to a question submitted by the jury constituted an abuse of judicial discretion. We do not agree.

Instruction No. 6 provides:

"The defendant is charged with the crime of aggravated robbery. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

1. That the defendant intentionally took property from the person or presence of Voris Bailey;

2. That the taking was by force or threat of bodily harm to Voris Bailey;

3. That the defendant was armed with a dangerous weapon; and

4. That this act occurred on or about the 25th day of July, 1991, in Wyandotte County, Kansas."

Instruction No. 7 provides:

"The State has the burden of proving the defendant is guilty. The defendant is not required to prove he is not guilty. You must assume the defendant is not guilty unless the evidence convinces you of the defendant's guilt.

"Your determination should be made in accordance with these instructions, and this is the test you should apply: If you have no reasonable doubt as to the truth of any of the claims made by the State, you should find the defendant guilty. If you have reasonable doubt as to any of the claims made by the State, you should find the defendant not guilty."

The presiding juror submitted the following question:

" 'Claims' referred to in item 7

" 'If you have . . . any of the claims . . . .' What does 'claims' refer to?

"1. The entire testimony presented by the state

"2. The questions on #6

"3. Other."

Upon receipt of the question, an in-chambers proceeding was had. Present were the trial judge, prosecutor, defendant, and defense counsel. The trial judge read the question and then stated:

"It would be my intention to call them out and tell them that the claim referred to in item seven are those elements set out in Instruction No. 6 of the charge. The claims are not anything else but the things that must be proved beyond a reasonable doubt of those elements set out in Instruction No. 6."

The State agreed, stating that the jury was "obviously confused" and needed the court to give additional instructions. Defense counsel disagreed and objected to the court's answer, contending that the court should advise the jury to decide the case based upon the instructions and to reread the instructions if it had any questions concerning them.

The trial court recalled the jury and stated as follows:

"Mr. Belt, you sent me a question as follows: It's got claims referred to item seven. If you have any of the claims, what does claims refer to? One, the entire testimony presented by the State; two, the questions on No. 6; or three, other. Instruction No. 7, when you get down to the part you're referring to, your

determination should be made in accordance with these instructions and the test you should apply is this:

"If you have no reasonable doubt as to the truth of any of the claims made by the State, you should find the defendant guilty. If you have reasonable doubt as to any of the claims made by the State, you should find the defendant not guilty. The claims, as that word is used in Instruction No. 7, is referring to the elements in Instruction No. 6. Instruction No. 6 sets out four particular elements that you must find each and every one of those elements beyond a reasonable doubt to make the finding that's guilty of that charge. So the word claims refers back to those four items in Instruction No. 6.

"Mr. Belt, does this answer your question?

"MR. BELT: Yes."

### K.S.A. 60-248(e) provides:

."If, after the jury has retired for deliberation, it desires further information as to any part of the law or evidence pertaining to the case, it may communicate its request through the bailiff to the court in the manner directed by the court, following which the court, after notice to counsel for the parties, may consider and· make such provision for a response to the request of the jury as the court finds to be required under the circumstances."

In· *State v. Bandt*, 219 Kan. 816, 549 P.2d 936 (1976), a theft case, the jury advised that it· was confused as to when the defendant had to have ·knowledge that the items he received had been stolen. The court allowed the prosecutor and defense counsel to discuss their points of view on the matter, but the court declined to give the jury further instruction.

We found the trial court's refusal to clarify its original instructions reversible error, stating:

"In view of the confusion of the jury the trial court had a positive duty to clarify its former instructions by instructing the jury that the defendant must have had knowledge that the property was stolen at the time it was delivered to him by Trammel. The failure of the trial court to give to the jury this additional information was clearly prejudicial and denied to the defendant a fair trial. We wish to make it clear that instances may sometimes occur in the course of a trial where the jury raises questions which are irrelevant or which are already adequately covered by the original instructions. Under those circumstances the trial court may decline to answer such questions and direct the jury to reread the instructions already given. A trial court is vested with a great amount of discretion in answering questions directed to him by a jury after the jury has begun its deliberations. The important consideration is that the jury be properly instructed on the essential issues presented at the trial and this is particularly true in a criminal proceeding where the question presented by the jury involves

the basic elements of the criminal offense on which the defendant is being tried."
219 Kan. at 823-24.

In *State v. Dunnan*, 223 Kan. 428, 433, 573 P.2d 1068 (1978), we held:

"When by a jury's questions to the trial court it becomes apparent that the jury is confused as to the essential elements of the various offenses of which the defendant may be convicted, it is the duty of the trial court to give the jury guidance by answering the questions accurately or by clarifying its prior instructions on the subject."

The jury herein was clearly confused as to what "claims" the State had to prove beyond a reasonable doubt if the jury were to convict. The trial court accurately explained that "claims" used in Instruction No. 7 meant the elements set forth in Instruction No. 6. Defendant's appellate contention that the trial court's answer to the jury's question prevented the jury from properly evaluating the credibility of the complaining witness is without merit. We find no abuse of discretion in this issue.

For his final issue, defendant contends the trial court abused its discretion in imposing the maximum sentence upon the defendant without proper consideration of the sentencing policy and factors set forth in K.S.A. 21-4601 and K.S.A. 21-4606. The sentence imposed was 15 years to life.

The facts may be summarized as follows. On the evening of July 25, 1991, Voris Bailey was stopped at a red light at 5th and Troup in Kansas City. He was forced out of his automobile at gunpoint by a lone robber. The robber took money from Bailey, struck Bailey with the gun, and moved the Bailey vehicle. A second gunman approached Bailey from the rear and demanded more money, taking Bailey's wallet. The second gunman left in a Cadillac parked across the street, with the first gunman following in Bailey's vehicle. The wound to Bailey's head required 12 stitches to close.

Later that evening the Cadillac was stopped by police officers. Defendant and Phillip Thomas, later identified by Bailey as the two gunmen, were in the vehicle.

The trial herein occurred on March 2-3, 1992. Sentencing took place on June 4, 1992. The transcript of the sentencing is some-

what confusing as defendant was present to be sentenced in three separate cases. In addition to the aggravated robbery conviction before us, defendant was also being sentenced on his pleas of guilty to attempted sale of cocaine (case No. 90-CR-2010B) and attempted aggravated battery (case No. 91-CR-2036).

In sentencing the defendant herein, the court stated:

"Mr. Manning, I looked at your cases hard to determine what sentence would be proper. You're 22. You're young. I don't know what happened in your early, early years. At age 12 you had contact with the law that we know of. There was a burglary charge and you were given official probation and there was court supervision. Maybe we didn't supervise you properly and maybe you weren't listening. I don't know what happened.

"You had some other contacts, theft charges and probation. In 1985 on an auto theft charge you were waived to the criminal court to be tried and handled as an adult. In '86 there was possession of stolen property. You were sentenced to a term of 1 to 5 years and ordered to make restitution and probation and you keep getting in trouble. You were selling cocaine, or you pled guilty to attempted sale of cocaine.

"In the jury case it may be that the innocent victim was not an innocent victim, but you were out there with a weapon, a gun. You were on probation. You were on bond for another charge. After that trial there was a third case and you pled on that one.

"The Court by case law can look at everything that affects you in determining the proper sentence. I've taken into consideration the fact that you escaped from the Wyandotte County correctional facility. I've looked at everything that was involved and that I'm required to look at. I realize the present statute of sentencing is that sentences are not to be punitive but look out for your benefit and help you. There's new sentencing guidelines going into effect and at that time the sentencing basis will be punitive, to punish.

"In your case after looking at everything, Mr. Manning, I sentence you as follows . . . ."

In *State v. Richard*, 252 Kan. 872, 880-81, 850 P.2d 844 (1993), we stated:

"K.S.A. 21-4601 sets forth the legislative policy to be followed in the sentencing of criminal defendants and is to be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, fine, or assignment to a community correctional services program whenever such disposition appears practicable and not detrimental to

the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law. Although K.S.A. 21-4601 states the objectives of the corrections system, it does not require the sentencing judge to specifically consider those objectives as the judge must the factors in K.S.A. 21-4606. *State v. Webb*, 242 Kan. 519, Syl. ¶ 3.

"K.S.A. 21-4606(2) provides that:

'(2) The following factors, while not controlling, shall be considered by the court in fixing the minimum term of imprisonment:

(a) The defendant's history of prior criminal activity;

(b) The extent of the harm caused by the defendant's criminal conduct;

(c) Whether the defendant intended that his criminal conduct would cause or threaten serious harm;

(d) The degree of the defendant's provocation;

(e) Whether there were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;

(f) Whether the victim of the defendant's criminal conduct induced or facilitated its commission;

(g) Whether the defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.'

"It is the sentencing judge alone who uses his or her discretion to determine the appropriate sentence or other disposition of the case. The sentencing judge determines the sentence by exercising his or her best judgment, common sense, and judicial discretion after considering all of the reports, the defendant's background, the facts of the case, the public safety, and the statutory guidelines for sentencing. *State v. McDonald*, 250 Kan. 73, 82, 824 P.2d 941 (1992).

"Each judge should develop his or her own personal technique for imposing sentence but should be sure to fulfill certain basic requirements. The judge should attempt to personalize the sentence in such a way that the defendant realizes that it is suited both to him or her individually and to the offense committed. The judge should neither add personal condemnation of the offender nor underemphasize the seriousness of the offense. The sentence should be pronounced in a careful and understandable manner, giving the reasons for it. The judge's approach to the imposition of sentence can affect the whole response of the offender and any rehabilitative efforts to follow.

"The statutory factors which the judge shall take into consideration in determining the penalty to be imposed are enumerated in K.S.A. 21-4606. Where the sentence exceeds the minimum, the legislature intended that the sentencing judge place on the record a detailed statement of facts and factors the judge considered. Failure to do so does not always indicate the sentencing court abused its discretion. Each case is to be considered on its facts. See *State v. McDonald*, 250 Kan. at 82-83.

"Although the appellate courts have upheld sentences where the factors considered by the sentencing judge are not specifically enumerated, the appellate courts have repeatedly stated the better practice is for the trial judge to make

a detailed record of the facts and factors considered in imposing sentence. See, *e.g., State v. Crispin,* 234 Kan. 104, 113, 671 P.2d 502 (1983)."

While it would have been the better practice for the trial court to have made a detailed record of the facts and factors considered in imposing sentence, we find no abuse of discretion herein.

The judgment is affirmed.