Larry Welch, Director Kansas Bureau of Investigation 1620 S.W. Tyler Topeka, Kansas 66612-1837
Dear Mr. Welch:
As director for the Kansas Bureau of Investigation (KBI), you request our opinion on whether an expungement under K.S.A. 2002 Supp. 21-4619
relieves a convicted person of the obligation to register under the Kansas Offender Registration Act (ORA), K.S.A. 22-4901 et seq. You note that the Kansas Legislature has acted to insure that no future expungements involve sex offenses.[1] However, KBI continues to receive and process orders granting expungement prior to these statutory amendments, as well as expungement orders from other states. Thus, it is these situations you ask us to address.
Offender registration laws require offenders to supply their addresses and other identifying information to a state agency or to law enforcement, usually with the intent of increasing community protection. "In light of the legislative history, it is clear that the legislature passed the KSORA in order to protect Kansas residents from sexual offenders who pose a high risk of re-offense. It is clear from the KSORA that the legislature specifically required all people convicted of Chapter 21, Article 35 crimes, or crimes of a similar nature, to register as sex offenders."[2] Would-be sex offenders have been on notice since April 14, 1994, when KSORA became law, that if they commit certain crimes they will be subject to public disclosure pursuant to K.S.A. 2002 Supp. 22-4909.[3] In State v. Wilkinson,[4] the Kansas Supreme Court examined the ORA and stated that "the registration requirement imposed no affirmative disability or restraint, and that, while the burden of registering may cause discomfort, the act of registration alone was not punishment."[5] Likewise, the Court in State v. Scott[6] held that the punitive effect of registration and notification provisions of the ORA were not so disproportionate to defendant's violent, sexually-motivated crime as to constitute cruel and unusual punishment.[7]
The requirements to register under the ORA are largely set forth at K.S.A. 2002 Supp. 22-4904 and 22-4905. K.S.A. 2002 Supp. 22-4906
establishes the time lines and requirements applicable to any person required to register. It is clear from these provisions that persons coming into the State must register if the law applies to them.[8]
This is true even if the offense occurred prior to the 1994 enactment of the KSORA, in which case registration is required but there is no public release of the information.[9]
Thus, the sole issue becomes whether expungement of the conviction record, pursuant to the laws of this state or any other, negates the registration requirements in K.S.A. 2002 Supp. 22-4901 et seq.
"Expunge" means to "destroy; blot out; obliterate; erase; efface designedly; strike out wholly. The act of physically destroying information — including criminal records — in files, computers, or other depositories."[10] K.S.A. 2002 Supp. 21-4619
provides for expungement of certain records. Until 2002, certain sex related crimes could be expunged.[11] Expungement limits certain future disclosure of the convictions by a record custodian.[12] However, K.S.A. 2002 Supp. 21-4619(f) and (i) still allow an expunged record to be accessed, considered and used in certain circumstances.[13]
Expungement of a criminal record can be conditional.[14] Thus, while an expungement generally means that there is no longer a record of the person being convicted, an expungement does not necessarily result in that record being obliterated for all purposes.
We believe that properly crafted legislation can provide for registration, even when a conviction record has been otherwise expunged, especially given the Court's statements concerning ex post facto
principles as they apply to such registration requirements.[15] A review of cases concerning offender registration and these challenges leads us to believe that registration requirements can still be imposed upon persons who have had their convictions previously expunged, but that public dissemination of that information would be limited in accordance with the Myers case. Thus, despite expungement orders from other states, Kansas law-makers may require registration under the ORA. The issue then is whether the Kansas Legislature has so required.
K.S.A. 2002 Supp. 22-4908 previously permitted relief from registration after the passage of time and if a specified procedure was followed. This, then, was the only way that anyone could escape registration requirements in Kansas. The 2001 Legislature significantly changed K.S.A. 2002 Supp. 22-4908.[16] K.S.A. 2002 Supp. 22-4908 now reads: "No person required to register as an offender pursuant to the Kansas offender registration act shall be granted an order relieving the offender of further registration under this act." The new amendment went into effect as of July 1, 2001.[17] After that date, courts may not grant any order negating the registration otherwise required by the ORA.[18] Likewise, the 2002 Legislature clarified K.S.A. 2002 Supp.21-4619 to make it clear that sex offenders did not qualify for expungement.[19] Thus, we believe any court order granting an expungement after July 1, 2001 cannot lawfully relieve offenders of any otherwise required duty to register under the ORA. Likewise, persons who were required to register prior to July 1, 2001 could only have obtained relief from registration by going through the procedure then outlined in the former version of K.S.A. 22-4208.
In summary, K.S.A. 2002 Supp. 22-4908 removes the power of any court to relieve a covered offender of the duty to register as required by K.S.A. 2002 Supp. 22-4201 et seq. However registration is not required if, prior to July 1, 2001, the person qualified for and went through the processes authorized by K.S.A. 22-4908 prior to its 2001 amendment. If persons receiving an expungement prior to July 1, 2001 have not complied with the process set forth in the prior version of K.S.A. 22-4908, registration duties are not negated by an expungement order from this or any other state's courts.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
PK:JLM:TMN:jm
[1] In 2001, K.S.A. 22-4208 was amended to clarify that an expungement did not offer relief from the registration requirements and in 2002, K.S.A. 21-4619 was amended to add that there could be no expungement for sexual battery and aggravated battery, two offenses requiring registration under K.S.A. 22-4901 et seq.
[2] State v. Patterson, 25 Kan. App. 2d 245, 249, 250 (1998). See
K.S.A. 22-4902.
[3] State v. Myers, 260 Kan. 669 (1996), cert. denied 521 U.S. 1118,117 S.Ct. 2508, 138 L.Ed.2d 1012 (1997).
[4] 269 Kan. 603, 610 (2000).
[5] See State v. Myers, 260 Kan. 669, 695-96 (1996), cert. denied521 U.S. 1118, 117 S.Ct. 2508, 138 L.Ed.2d 1012 (1997).
[6] 265 Kan. 1 (1998).
[7] However, any statute which punishes as a crime an act previously committed that was innocent when done, which makes more burdensome punishment for a crime after its commission, or which deprives one charged with a crime of any defense available according to the law at the time when the act was committed is prohibited as ex post facto. U.S. Const., Art. 1, § 10, cl. 1. See also State v. Myers, supra note 3.
[8] E.g. K.S.A. 2002 Supp. 22-4906 requires registration even for nonresident workers and students.
[9] State v. Hemby, 264 Kan. 542 (1998) (requirement that defendant, who was convicted of a sex offense committed prior to the effective date of Kansas Sex Offender Registration Act (ORA), register with local sheriff's department as sex offender upon his release from prison would not violate ex post facto clause, since by time of release system would be in place to prevent disclosure of statements or information relating to defendant to the general public. U.S. Const., Art. 1, § 10, cl. 1; K.S.A. 22-4909, K.S.A. 45-215 et seq.).
[10] Blacks Law Dictionary 522 (5th ed. 1979)
[11] K.S.A. 21-4619(c) now prohibits expungement for convictions of virtually all sex offenses.
[12] See Attorney General Opinions No. 2002-14, 2001-48, 99-45, 92-27, 89-58, 88-98, 85-165, 85-50, 84-120.
[13] See also K.S.A. 38-1610 (expunged juvenile records).
[14] For example, under K.S.A. 2002 Supp. 21-3110a, an expunged record may still be available to the convicted person and to certain law enforcement agencies.
[15] State v. Myers, 260 Kan. 669 (the significant date in an ex postfacto analysis is the date of the offense, not the date of conviction. To avoid the ex post facto characterization, public access should be limited to those with a need to know the information for public safety purposes. This information should be used by those given access to it only for such purposes).
[16] See L. 2001, ch. 208, § 15.
[17] L. 2001, ch. 208, § 19 states that "This act shall take effect and be in force from and after its publication in the statute book." K.S.A. 45-310 and 45-311 clarify that this language means that the amendment or new law takes effect on July 1 following the amendment.
[18] The prior language of K.S.A. 22-4908 permitted an offender to apply to a Kansas court asking for an order relieving them of the duty to register.
[19] L. 2002, ch. 163, § 2.