**Kenneth D. HEMBY, Petitioner,**

v.

**Robert D. HANNIGAN, et al., Respondents.**

No. 98–3356–DES.

United States District Court, D. Kansas.

Aug. 23, 2000.

Kenneth Hemby, Hutchinson Correctional Facility, Hutchinson, KS, pro se.

Jared S. Maag, Office of Attorney General, Topeka, KS, for Robert D. Hannigan, Attorney General of Kansas, respondents.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

Petitioner, a prisoner incarcerated in Hutchinson Correctional Facility in Hutchinson, Kansas, proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. § 2254, for alleged constitutional error in his state conviction and sentence. Petitioner is serving a controlling sentence of fifteen years to life on his conviction by a jury on charges of rape and aggravated criminal sodomy.[1] The factual basis for the 1991 events supporting petitioner's charges and conviction are detailed in his direct appeal. *See State v. Hemby*, 264 Kan. 542, 957 P.2d 428 (1998) (affirming petitioner's conviction and sentence). Respondents acknowledge that petitioner has exhausted available state court remedies on the grounds asserted in the instant petition.

■ 28 U.S.C. § 2254(d) sets out the appropriate standard of review in this case. Habeas corpus will not be granted on any federal claims already decided by the Kansas Supreme Court on the merits unless the decision of that court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560 (10th Cir.2000) (*quoting* 28 U.S.C. § 2254(d)(1) and (2)). Thus, a writ may be granted if the court finds "the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably

applied the governing legal principle to the facts of the prisoner's case." *Id.* (*citing Williams v. Taylor*, —— U.S. ——, ——, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)).

In the present case, petitioner presents the following four grounds in support of his application for relief under § 2254.

*Speedy Trial*

■ Petitioner first claims the trial court improperly charged the defense with a continuance that should have been charged to the State, and thereby denied petitioner his right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments.

On November 14, 1995, the Kansas Court of Appeals issued its mandate which vacated petitioner's conviction and remanded the matter for a new trial. Defense counsel was not appointed until January 2, 1996. Trial was scheduled for February 5, 1996, within the 90 day period provided under the Kansas speedy trial statute, K.S.A. 22–3402.

On February 2, 1996, petitioner's counsel filed a motion for a continuance of the trial date. Petitioner sought to have the additional time charged against the State, arguing the late appointment of defense counsel, and further delay in appointed counsel making contact with petitioner, left defense counsel unprepared to defend against the prosecution of petitioner on two felony charges. Petitioner's counsel stated a continuance of two weeks, until February 20, 1998, was required to prepare for trial, but requested a continuance until February 26, 1998, to avoid conflict with another trial he had already scheduled for February 20. The trial court granted the additional time, but denied petitioner's request that the continuance be charged against the State for purposes of calculating the 90 day period set by

---

1. In 1991 and 1994, petitioner was convicted on his plea of guilty to these charges, and received a controlling sentence of 12 to 35 years. The Kansas Court of Appeals, in two unpublished opinions, twice set aside his conviction and remanded the case to the district court for further proceedings.

state statute. The Kansas appellate courts found no error in the trial court's decision.

To the extent petitioner seeks relief for alleged violation of the state speedy trial statute, no relief would be available under § 2254 for a violation of state law. *Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). To obtain habeas corpus relief, petitioner must demonstrate a violation of his federal constitutional or statutory rights. *Id.*

The Sixth Amendment protects a defendant's right to a speedy trial after formal criminal charges are instituted and the criminal prosecution begins. *Harvey v. Shillinger,* 76 F.3d 1528, 1533 (10th Cir.), *cert. denied,* 519 U.S. 901, 117 S.Ct. 253, 136 L.Ed.2d 179 (1996).

In assessing a speedy trial claim, the Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), announced a four part test that balanced (1) the length of delay, (2) the reason for delay, (3) whether and how the defendant asserted his right to a speedy trial, and (4) the prejudice to the defendant. *Id.* at 530, 92 S.Ct. 2182. While no single factor is necessary or sufficient to establish a violation, the length of delay is a triggering requirement. *Id.* at 530 and 533, 92 S.Ct. 2182. Courts are not to consider the other factors unless there is delay that is presumptively prejudicial. *Id.* at 530, 92 S.Ct. 2182. *See e.g., Doggett v. United States,* 505 U.S. 647, 651–52, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (to state constitutional speedy trial claim, petitioner must first establish the delay "crossed the threshold dividing ordinary from 'presumptively prejudicial' delay").

Here, petitioner's constitutional speedy trial claim rests on a two week continuance not charged to the State, as the additional week requested to accommodate defense counsel's schedule would be properly charged against the defense. The court finds no habeas relief is warranted on this claim, even if the two week period were to be attributed to the State as petitioner argues.

Petitioner's counsel indicated he would be ready for trial on February 20, 1996, which was approximately 100 days from the date the state appellate mandate requiring a new trial was handed down. This is far less than the presumptively prejudicial periods noted by the Supreme Court, *see id.* at 652, n. 1, 112 S.Ct. 2686. (noting lower court findings of post-accusation delay approaching one year becoming presumptively prejudicial), thus no further inquiry of petitioner's speedy trial claim is required. *See e.g., Harvey v. Shillinger,* 76 F.3d at 1534 (115–day delay not presumptively prejudicial; court need not consider other *Barker* factors).

Because any error in the state district court's award of a continuance charged to the defense would not have resulted in any violation of petitioner's constitutional right to a speedy trial, the court finds petitioner is entitled to no relief under § 2254 on this claim.

*Jury Instruction*

█ Petitioner next claims the jury instruction defining sodomy included uncharged acts, and thereby was improper and confusing to the jury. He further claims trial counsel was ineffective in not challenging the instruction, and in allowing petitioner to be convicted of uncharged and unproven acts.

The sodomy charge in the state complaint alleged that petitioner performed an act of oral copulation with the victim without her consent. The definition of sodomy submitted to the jury included "oral or anal copulation." It is acknowledged that there was no evidence of anal copulation presented to the jury in petitioner's case. Petitioner did not object to the instruction during trial, and first raised this issue in his appeal to the Kansas Supreme Court.

█ Petitioner bears a heavy burden in collaterally attacking a state court judgment, based on alleged error in a jury instruction. *Lujan v. Tansy,* 2 F.3d 1031, 1035 (10th Cir.1993), *cert. denied,* 510 U.S. 1120, 114 S.Ct. 1074, 127 L.Ed.2d 392

(1994). Because federal habeas corpus relief is not available for alleged errors of state law, the challenged instruction is examined only to determine if the instruction "by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. at 72, 112 S.Ct. 475. In reviewing an ambiguous instruction, the federal court's inquiry is whether there was reasonable likelihood the jury applied the challenged instruction in a way that violates the Constitution. *Id.*

Here, the Kansas Supreme Court recognized the instruction was consistent with the statutory definition in effect at the time of the crime, K.S.A. 21–3506(c) (Ensley 1988), and found "no real possibility the jury would have returned a different verdict if the words 'anal copulation' had been omitted from [the jury instructions]." *Hemby*, 264 Kan. at 549, 957 P.2d 428.

The Kansas Supreme Court's determination of this claim was neither contrary to, nor resulted from an unreasonable application of, applicable Supreme Court standards. Finding no error of constitutional significance has been demonstrated, the court grants petitioner no relief on this claim.[2]

*Sentencing*

As a third claim, petitioner contends the trial court improperly considered petitioner's silence at sentencing, in violation of petitioner's right under the Fifth Amendment to remain silent. The state sentencing court imposed a controlling prison term of 15 years to life. This sentence exceeded the minimum sentence of 12 to 35 years handed down in petitioner's earlier adjudications pursuant to his plea of guilty that were overturned by the state appellate courts.

The Fifth Amendment protects both the guilt and punishment phases of a criminal action. *Estelle v. Smith*, 451 U.S. 454, 462, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). *See also Mitchell v. United States*, 526 U.S. 314, 325–26, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999) (reaffirming that Fifth Amendment still applies after guilty has been established but sentence has not yet been imposed).

In the present case, the Kansas Supreme Court upheld the sentence of 15 years to life, finding the trial court's reliance on petitioner's lack of remorse was indicated by sentencing evaluation and other reports in the record, and not defendant's silence at sentencing. Because this decision is supported by the record, and is not contrary to or an unreasonable application of Supreme Court precedent, petitioner is entitled no relief on this claim.

*Sex Offender Registration*

Finally, petitioner claims the state sentencing court's application of the public disclosure requirements under the Kansas Sexual Offender Registration Act (KSORA), K.S.A. 22–4909, violated the Ex Post Facto Clause.

KSORA was enacted April 14, 1994, well after petitioner's criminal misconduct in 1991. During sentencing, the state court certified petitioner as a sex offender, and required him to register under KSORA upon his release from prison. Petitioner argues the application of the public disclosure requirements in KSORA to offenders convicted on crimes committed prior to the enactment of KSORA is an ex post facto violation.

The Kansas Supreme Court found petitioner's objection to the public disclosure

2. To the extent petitioner contends his counsel was ineffective in failing to object to the instruction, the record does not reflect petitioner's exhaustion of state court remedies on such a claim. Habeas relief, however, can still be denied, 28 U.S.C. § 2254(b)(2), because petitioner can satisfy neither prong of the constitutional standard to be applied to such a claim. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (two prong standard for stating claim of ineffective assistance of counsel, requiring the criminal defendant to establish both constitutionally deficient performance by counsel and resulting prejudice).

requirement had been fully answered by that court's decision in *State v. Myers*, 260 Kan. 669, 923 P.2d 1024 (1996), *cert. denied*, 521 U.S. 1118, 117 S.Ct. 2508, 138 L.Ed.2d 1012 (1997), wherein that court addressed and decided a similar claim. Pursuant to *Myers*, sex offenders must still register with the sheriff, but for offenders whose crime occurred prior to April 14, 1994, such information cannot be disclosed to the general public and is not subject to the Kansas Open Records Act.

In his direct appeal, petitioner asked the state supreme court to find the holding in *Myers* regarding the public disclosure of registration information applied to his case. The Kansas Supreme Court did so, finding the public disclosure requirements of KSORA did not apply to petitioner, and finding *Myers* protected petitioner against improper disclosure. Because petitioner obtained the relief he sought on this limited issue, his request for habeas corpus relief is moot.

In conclusion, for the reasons stated herein, the court finds none of petitioner's claims entitle him to a writ of habeas corpus under § 2254.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.