**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KENNETH HEMBY,

      Petitioner-Appellant,

v.

ROBERT D. HANNIGAN;
ATTORNEY GENERAL OF
THE STATE OF KANSAS,

      Respondents-Appellees.

No. 00-3293
(D.C. No. 98-CV-3356)
(D. Kan.)
(117 F. Supp. 2d 1057)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **PORFILIO** , and **LUCERO** , Circuit Judges.

Petitioner seeks a certificate of appealability ("COA") in order to appeal [1]

the district court's Memorandum and Order denying his petition for writ of

habeas corpus brought pursuant to 28 U.S.C. § 2254. See Hemby v. Hannigan ,

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

117 F. Supp. 2d 1057 (D. Kan. 2000). In order to obtain a COA, petitioner must make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Where, as here, the district court rejected petitioner's claims on the merits, he must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).

## I

In 1991, plaintiff pleaded guilty to two counts of rape and aggravated criminal sodomy and was sentenced to concurrent terms of twelve to thirty-five years' imprisonment. On appeal from the denial of his motion to withdraw the plea, the Kansas Court of Appeals determined that the trial court had applied incorrect standards in considering petitioner's motion and therefore abused its discretion. State v. Hemby, No. 67,681 (Kan. Ct. App. Jan. 29, 1993) (unpublished opinion). On remand, the trial court again denied the motion to withdraw, prompting petitioner to file a motion for habeas corpus relief under Kan. Stat. Ann. § 60-1507. This statute provides, in part, that

> A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may at any time move the

-2-

court which imposed the sentence to vacate, set aside or correct the sentence.

The state trial court denied the motion; on appeal the Kansas Court of Appeals held that the trial court had failed to follow the statutory requirements of Kan. Stat. Ann. § 22-3210, which details the trial court's responsibilities in conjunction with accepting a guilty plea. State v. Hemby, No. 72,331 (Kan. Ct. App. Aug. 18, 1995) (unpublished opinion). In November of 1995, the appellate court issued a mandate for a new trial, which was initially set for February 5, 1996. Petitioner's counsel moved for a continuance on February 2, and the matter was rescheduled for February 26. Following a jury trial, petitioner was convicted and sentenced to fifteen years to life imprisonment. On appeal, the state supreme court affirmed the conviction and sentences. State v. Hemby, 957 P.2d at 438.

The issues raised on direct appeal are the same as those petitioner raised in the federal district court and in this court. Specifically, petitioner alleges (1) he was denied his right to speedy trial; (2) the trial court incorrectly instructed the jury on the offense of aggravated sodomy; (3) the trial court improperly considered petitioner's silence at sentencing; and (4) the Kansas Sex Offender Registration Act, Kan. Stat. Ann. § 22-4901–4909 ("KSORA"), violates ex post facto principles as applied to him.

-3-

## II

The district court outlined the standard of review employed when a state court has considered the merits of a habeas petitioner's claims:

> 28 U.S.C. § 2254(d) sets out the appropriate standard of review in this case. Habeas corpus will not be granted on any federal claims already decided by the Kansas Supreme Court on the merits unless the decision of that court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Van Woudenberg ex rel. Foor v. Gibson, 211 F.3d 560 (10th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(1) and (2)). Thus, a writ may be granted if the court finds "the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case." Id. (citing Williams v. Taylor, ___ U.S. ____, ____, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)).

Hemby v. Hannigan, 117 F. Supp. 2d at 1058.

### A. Speedy Trial

Under Kan. Stat. Ann. § 22-3402(1) and (4), a defendant in petitioner's procedural circumstances must be tried within ninety days of "the date the mandate of the supreme court or court of appeals is filed in the district court," which in this case meant a trial date by February 12, 1996. The trial was originally scheduled for February 5. However, the trial court did not appoint counsel for petitioner until January 4, and counsel did not meet with petitioner

-4-

until January 18, 1996, seventeen days before the scheduled commencement of trial.

On February 2, counsel filed a motion for a brief continuance claiming he had insufficient trial preparation time. In the motion, counsel requested at least two weeks; however, at the hearing he asked for a postponement to February 26 because of a scheduling conflict. Trial began on February 26. On appeal to the state supreme court, petitioner argued that the continuance should have been charged to the state because of the delayed appointment, thus violating petitioner's statutory right to be tried by February 12. The Kansas Supreme Court held that the trial court had properly charged the continuance to defendant. See State v. Hemby, 957 P.2d at 432-33.

The state supreme court's determination fully comported with state law requirements. See id. In addition, the decision was not contrary to and did not involve an unreasonable application of clearly established Supreme Court authority. See 28 U.S.C. § 2254(d)(1). The district court also considered the claim as an alleged violation of the the Sixth Amendment, Hemby v. Hannigan, 117 F. Supp. 2d at 1059, applying the factors set forth in Barker v. Wingo, 407 U.S. 514, 530 (1972). [2] However, "[u]ntil there is some delay which

_____

[2] The test enunciated in Barker balances (1) length of delay, (2) reason for the delay, (3) assertion (or not) of the right to a speedy trial, and (4) prejudice to the
(continued...)

-5-

is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." Id. Petitioner has failed to identify any prejudice to his case by the very brief delay beyond the state statutory limitations for trying him. Thus, the district court correctly denied relief on this claim.

## B. Improper Jury Instructions

Petitioner next contends that the trial court's instruction on the definition of sodomy under the statute in effect when the crime was committed was erroneous because it included anal copulation, an act not charged in the complaint.

The state supreme court recognized that the instruction given was broader than the charges in the complaint [3] and therefore improper. See State v. Hemby, 957 P.2d at 434–35. The court concluded, however, that defendant was charged with two of the three potential acts constituting sodomy and that there was no real possibility the jury's verdict would have been different if the term "anal copulation" had been omitted from the instruction. See id. at 435. The district court correctly held that the state supreme court's determination of this claim did

_____

[2](...continued)
defendant.

[3] The complaint charged defendant with engaging in an act of oral copulation without the victim's consent. The instruction additionally defined sodomy as anal copulation, an act not charged in the complaint. There was no evidence of anal copulation, nor did the state suggest there was. See State v. Hemby, 957 P.2d at 434–35.

-6-

not violate applicable Supreme Court standards. Hemby v. Hannigan,
117 F. Supp. 2d at 1060.

### C. Increased Sentence

Petitioner argues that his increased sentence following trial was punishment for exercising his Fifth Amendment right to remain silent. He contends there was no new "objective evidence" on which to base an enhanced sentence; he acknowledges, however, that there is no presumption of vindictiveness based on a greater sentence given after a trial which has followed the invalidation of a guilty plea for which a lesser sentence was received. See Alabama v. Smith, 490 U.S. 794, 801 (1989) ("Even when the same judge imposes both sentences, the relevant sentencing information available to the judge after the plea will usually be considerably less than that available after a trial.").

The state supreme court described, in meticulous detail, the factors considered by the trial court during sentencing. State v. Hemby, 957 P.2d at 436-37; see also Kan. Stat. Ann. § 21-4606 (describing criteria for sentencing for crimes committed prior to July 1, 1993). The trial court relied on information learned from the trial, the presentence investigation report, the Larned State Security Hospital report, and a report from the Topeka Correctional Facility. Petitioner's sentence was not based on his silence or lack of remorse at sentencing but rather on his behavior throughout the proceedings, including specific

notations in the Larned and Topeka Correctional Facility reports.       State v. Hemby ,

957 P.2d at 436. [4]

## D. Sex Offender Registration

Finally, petitioner argues that the provisions of the Kansas Sex Offender

Registration Act, Kan. Stat. Ann. §§ 22-4901–4909, are unconstitutional as

applied to him because the crimes of which he was convicted were committed

prior to the enactment of that statute.  The Kansas Supreme Court thoroughly

considered this claim in    State v. Myers , 923 P.2d 1024 (Kan. 1996), and

determined that the registration requirements "are remedial and thus

constitutional."   Id. at 1027.  Following a lengthy analysis and comparison of

cases describing ex post facto concerns with similar laws, the court held that the

registration requirement does not impose punishment.       See id. at 1041.  The

Myers court also concluded, however, that, as applied to one such as petitioner,

whose conviction was for an offense committed prior to KSORA's effective date,

"[t]he disclosure provision allowing public access to sex offender registered

information [Kan. Stat. Ann. § 22-4209] . . . is unconstitutional punishment under

the Ex Post Facto Clause."    Id. at 1044.

---

[4] Although petitioner argues the trial court's statement ("[t]his court is not under
the responsibility to state reasons for its sentencing") (April 3, 1996 Sentencing
Tr. at 23–24), is incorrect under state law, the trial court did in fact incorporate
the documents and reports relied on for the sentencing decision.

In recognition of Myers, the state supreme court held that petitioner's registration under KSORA would not violate the Ex Post Facto Clause of the Constitution because when he is released and actually registers with a county sheriff's office, that office will have in place a record system that does not "disclose the statements of information of sex offenders whose crimes occurred prior to April 14, 1994, to the general public nor make the information subject to the Kansas Open Records Act." State v. Hemby, 957 P.2d at 438.

The Kansas Supreme Court's determination is neither contrary to nor an unreasonable application of Supreme Court precedent. Petitioner does not specifically claim that registration in Kansas is an unconstitutional punishment. Rather, he argues that if he were paroled to another state, he could not be "guaranteed that the sheriff's office in another state will have a system in place to protect offenders whose crime of conviction occurred prior to the enactment of K.S.A. 22-4909." (Appellant's Br. at 11.) This is, at best, an argument for another time and another place. Petitioner does not allege he will be paroled to another state. More importantly, however, as the Myers court noted, states vary widely in both notice and disclosure requirements for sex offenders. See State v. Myers, 923 P.2d at 1028-29. Should he at some future date be required to register as a sex offender in some unknown jurisdiction, he will have to seek relief at that time. In addition, KSORA specifically provides its own mechanism for granting

relief from further registration upon demonstration of rehabilitation.      See Kan.

Stat. Ann. § 22-4908.  This claim is also without merit.

### III

The application for a certificate of appealability is DENIED, and the appeal

is DISMISSED.  The mandate shall issue forthwith.


Entered for the Court


Carlos F. Lucero
Circuit Judge